IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Neva Steffens, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>American Home Mortgage Servicing, Inc., )<br>)<br>Defendant. )<br>)<br>) | | C. A. No.: 6:10-cv-01788-JMC<br><br><br>ORDER AND OPINION |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.). The applicable standard of review is as follows:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Plaintiff brought this action, *pro se*, against defendant American Home Mortgage Servicing, Inc. ("AHMSI"), the servicer of her loan, asserting claims related to her eligibility for

1

Home Affordable Modification Program ("HAMP") and AHMSI's alleged duties to her thereunder. Plaintiff applied for a modification of her loan with AHMSI on February 16, 2010. Compl. ¶ 34. She was approved for the modification, but she rejected the offer because she believed that the proposed modification violated the United States Treasury Department's guidelines under the HAMP. *Id*. ¶¶ 35, 41. AHMSI then informed Plaintiff that she was ineligible for the HAMP program because she had failed to make her monthly payment under the modification offer. *Id*. ¶ 43. Plaintiff initiated this action, asserting three causes of action for (1) violation of due process, (2) unfair trade practices under 15 U.S.C. § 45(n) of the Federal Trade Commission Act, and (3) breach of implied covenant of good faith and fair dealing under the Servicer Participation Agreement between AHMSI and Fannie Mae. Plaintiff subsequently withdrew her claim for unfair trade practices.

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on August 19, 2010. [Doc. 19]. Pursuant to *Match Code v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary dismissal procedure and the possible consequences if she failed to respond adequately. [Doc. 23]. Plaintiff filed a response in opposition to the motion to dismiss on September 22, 2010. [Doc. 36]. AHMSI filed a reply on October 4, 2010. [Doc. 40]. The Magistrate Judge filed a detailed and comprehensive report and recommendation on January 5, 2011, recommending that AHMSI's motion to dismiss be granted as to the two remaining causes of action for due process violation and breach of implied covenant of good faith and fair dealing. [Doc. 41]. Plaintiff filed an objection memorandum on January 13, 2011, which has carefully been considered by the court. [Doc. 43]. AHMSI filed a reply to Plaintiff's objections on January 27, 2011. [Doc. 45].

In light of the standard set out above, the court has reviewed, *de novo,* the record, the law, the Report and Recommendation of the Magistrate Judge, together with Plaintiff's objections thereto, the caselaw, and AHMSI's reply. The court finds AHMSI is entitled to a dismissal of the complaint. Plaintiff's objections are overruled, and the Report and Recommendation is incorporated herein by reference and adopted as the order of this court.

The Magistrate Judge recommended that the court dismiss all of Plaintiff's claims because they are based in HAMP and related legislation and laws for which no private cause of action exists. The Report further recommends that Plaintiff's claim for due process should be dismissed because she has shown no deprivation of a protected liberty or property interest and because AHMSI's conduct is not attributable to the State. Finally, the Report recommends that Plaintiff's claim for breach of implied covenant of good faith and fair dealing should be dismissed because she does not have a contract with AHMSI, has not alleged that she is a third-party beneficiary to contracts with others, and has failed to bring a claim for breach of contract.

In her objection, Plaintiff only objects to the Magistrate Judge's Report and Recommendation concerning her due process claim. Because the district court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, the undersigned only addresses Plaintiff's objections with the analysis of her due process claim. To prevail on her due process claim, Plaintiffs must first show a deprivation of a protected liberty or property interest. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570 (1972). While Plaintiff concedes that she has no protected property interest in a loan modification, she claims she has a protected property interest in a "process of decision-making that complies with Treasury Department rules." Objections at 2. Plaintiff

3

argues that AHMSI's conduct is attributable to the State. The Magistrate Judge found that Plaintiff has not alleged facts showing that Defendant's conduct "has sufficiently received the imprimatur of the State so as to make it 'state' action for purposes of the Fourteenth Amendment," or alleged facts that support a finding that AHMSI was in a "symbiotic relationship" with the federal government to support a due process claim.

> As the *Roth* court explained, a protected property interest arises if a person has
>
> more than an abstract need or desire for [a benefit]. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined.

*Id.* at 577. When a statute or policy grants to the decisionmaker discretionary authority in its implementation, a protected property interest is not created. *Jennings v. Lombardi*, 70 F.3d 994, 996 (8th Cir. 1995).

HAMP provides financial incentives to participating mortgage servicers to modify the terms of eligible loans and aims to financially assist homeowners who have defaulted on their mortgages or who are in imminent risk of default. *See Marks v. Bank of America, N.A.*, No. 03:10-cv-08039-PHX-JAT, 2010 U.S. Dist. LEXIS 61489, 2010 WL 2572988 at *5–6 (D.Ariz. June 22, 2010) (describing HAMP). However, "nowhere in the HAMP Guidelines, nor in the [legislation authorizing creation of HAMP], does it expressly provide for a private right of action. Rather, Congressional intent expressly indicates that compliance authority was delegated solely to Freddie Mac." *Id*. at *6. *See also Hoffman v. Bank of Am., N.A.*, No. C. 10-2171 SI., 2010 WL 2635773 at *5 (N.D.Cal. June 20, 2010); *Gonzalez v. First Franklin Loan Servs.*, No. 1:09-cv-941, 2010 WL 144862 at *18 (E.D.Cal. Jan. 11, 2010). Neither does HAMP create a property interest in permanent modification for borrowers. *See, e.g., Williams v. Geithner*, No.

09-1959, 2009 WL 3757380 at *6 (D. Minn. Nov. 9, 2009) (determining that the HAMP regulations "did not intend to create a property interest in loan modifications for mortgages in default," and thus finding no likelihood of success on the merits of plaintiffs' due process claim).

The court finds that participation in a program sponsored by the federal government is not enough to constitute action under the color of federal law. HAMP itself does not confer a "protected property interest." Plaintiff has not cited any cases that have found that a private servicer such as AHMSI is a state actor under the HAMP Treasury Guideline. Having failed to demonstrate a right to a particular decision-making process under HAMP, Plaintiff's complaint must be dismissed.

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge is incorporated herein by reference and adopted as the order of this court. Plaintiff's objections are overruled, and AHMSI's motion to dismiss [Doc. 19] is granted.

**IT IS SO ORDERED**.

s/J. Michelle Childs<br>United States District Judge

Greenville, South Carolina
March 15, 2011